**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DEEPIKA REDDY,**

                             **Plaintiff,**

   vs.                                                   **5:13-CV-707
                                                            (MAD/ATB)**

**LOUIS J. CATONE, in his official capacity
as Director of the Office of Professional
Discipline, of the New York State Education
Department and in his individual capacity;
DONALD T. SHERIDAN, in his official capacity
as Professional member of the New York State
Board of Dentistry and in his individual capacity;
ROBERT E. PARKER, DDS, in his individual
capacity;
RICHARD KONYS, JR., in his individual
capacity,**

                             **Defendants.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**GILLES R. R. ABITBOL, ESQ.**         **GILLES R. ABITBOL, ESQ.**
66 Chestnut Street
Phoenix, New York 13135
Attorney for Plaintiff

**OFFICE OF THE NEW YORK**         **GREGORY J. RODRIGUEZ, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff, a dentist licensed to practice in the State of New York, commenced this action on June 19, 2013. Plaintiff alleges that Defendants improperly subjected her to disciplinary proceedings and thereby violated the United States Constitution and New York State Constitution, causing her economic, emotional, and reputational harm. Plaintiff seeks injunctive relief, declaratory judgments, and monetary damages. *See* Dkt. No. 1 ("Complaint"). Presently before the Court is Defendants' motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkt. No. 9. Plaintiff has opposed the motion. Dkt. No. 17.

## II. DISCUSSION

Defendants raise a number of arguments in support of their motion to dismiss Plaintiff's Complaint in its entirety. Defendants first argue that the Court lacks subject matter jurisdiction with respect to nearly all of Plaintiff's claims by virtue of the *Rooker-Feldman* doctrine, which prohibits federal review of state court judgments. Defendants note that Plaintiff unsuccessfully challenged a procedural aspect of the state disciplinary proceedings against her, pursuant to Article 78 of the New York C.P.L.R., and thus contend that she is prohibited from seeking federal court review of the state court's determination. Similarly, Defendants also argue that this Court must give the state court decision preclusive effect and that Plaintiff is thereby collaterally estopped from attacking that decision. Defendants next argue that Plaintiff's complaint fails to state a claim under any of the following theories: Fourteenth Amendment procedural due process (including her "stigma-plus" claims), Fourteenth Amendment equal protection, Fourth Amendment search and seizure, and 42 U.S.C. §§ 1983 and 1985 conspiracy. In addition, Defendants contend that Plaintiff's state law claims should be dismissed on the merits or, should the Court dismiss each of Plaintiff's federal law claims, that the Court should decline to exercise supplemental jurisdiction over the state law claims. Defendant Cantone also seeks dismissal of

Plaintiff's first and second causes of action against him for lack of any allegations of his personal involvement. Finally, Defendants assert that the Complaint should be dismissed for failing to set forth a short and plain statement of the claims, as required under Rule 8 of the Federal Rules of Civil Procedure.

**A.     Federal Rule of Civil Procedure 8**

With respect to the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure, the Second Circuit has stated as follows:

> Rule 8 provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. *See, e.g.*, *Geisler v. Petrocelli*, 616 F.2d 636, 640 (2d Cir. 1980); 2A Moore's Federal Practice ¶ 8.13, at 8-61 (2d ed. 1987). The statement should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969).
>
> When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, *see* Fed. R. Civ. P. 12(f), or to dismiss the complaint. Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised. *See Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8. *See generally* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 366-67; 2A Moore's Federal Practice ¶ 8.13, at 8-81 to 8-82 n.38.

*Salahuddin v. Cuomo*, 861 F.2d 40, 41-42 (2d Cir. 1998).

In the present matter, Plaintiff's Complaint contains more than 400 paragraphs (exclusive

of subparagraphs) spanning over 150 pages of text. Attached to the Complaint is a set of exhibits totaling approximately 300 additional pages. The Complaint is also replete with gratuitous allegations, *e.g.*, Complaint ¶ 210 ("It is not by magic that Mr. Catone affects the consent order to the vitiated proceedings, he actually interprets the law as giving an opportunity to settle on by resolving the other. . . . If the summary suspension procedure was dropped, what is the legal paper, the legal document that proves that the action was discontinued?"), speculative assertions, *e.g.*, *id.* ¶¶ 92, 187 ("The only conclusion that we can establish because of difference of dates is that Dr. Parker's affidavit was prepared by the prosecuting attorney's office and submitted to Dr. Parker for signature"), and legal argument, *e.g.*, *id.* ¶ 175 ("If every complaint addressed directly to the board of regents ends up in the hands of the director of the office of professional discipline and is automatically requalified by the perpetrator of the violations of the Law, then the whole process which establishes the control of the Board of regents as to the respect of due process is deprived of its own reason to exist").

In short, Plaintiff's Complaint fails to adhere to the requirements under Rule 8 that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). The Court declines to undertake the exercise of striking each of the redundant and/or immaterial allegations. Even if the Court were to attempt to strike all offending paragraphs and counts, the remainder of the Complaint would still suffer from the same infirmities that the Court noted above. As such, the Complaint is dismissed in its entirety without prejudice. *See Salahuddin*, 861 F.2d at 43 (affirming the dismissal of a complaint under Rule 8 that "span[ned] 15 single-spaced pages" and "contain[ed] a surfeit of detail" with "explicit descriptions of 20-odd defendants, their official positions, and their roles in the alleged denials of [the plaintiff's]

rights"); *Blakely v. Wells*, 209 Fed. Appx. 18 (2d Cir. 2006) (finding that "the District Court acted within the bounds of permissible discretion" in dismissing the plaintiff's complaint, "which spanned 57 pages and contained 597 numbered paragraphs"); *Hill v. Griffin*, No. 10-CV-6419, 2013 WL 1866861, *3 (W.D.N.Y. May 2, 2013) (holding that the plaintiff's 229-paragraph and 76 page complaint "falls far short of satisfying F.R.C.P. 8's directives"); *Infanti v. Scharpf*, No. 06 CV 6552, 2008 WL 2397607, *2 (E.D.N.Y. June 10, 2008) (dismissing complaint which "spans 90 pages, consists of 500 numbered paragraphs and 27 counts, and references 124 pages of exhibits"); *VTech Holdings Ltd. v. Pricewaterhousecoopers, LLP*, No. 03 Civ. 1413, 2003 WL 21756623, *1 (S.D.N.Y. July 30, 2003) (finding "nothing short and very little plain about" a complaint that was "113 pages and 179 numbered paragraphs in length, exclusive of exhibits and scores (perhaps hundreds) of separate subparagraphs"); *Glasheen v. City of Albany*, No. 98-CV-1503, 1999 WL 1249409 (N.D.N.Y. Dec. 16, 1999) (dismissing the plaintiff's complaint, which "consist[ed] of 445 paragraphs in 74 pages, [and was] rife with irrelevant information and prolix in the extreme").

As noted above, Defendants have raised a number of additional problems with Plaintiff's complaint, which Defendants contend warrant dismissal. "Had [Plaintiff] filed a well organized complaint of reasonable length, the Court would sort through it allegations one at a time and address each. To do so in this context, however, would be enormously wasteful of resources upon which other litigants have an equal call." *VTech Holdings*, 2003 WL 21756623, *2. Under these circumstances, the Court finds that the interests of justice would be best served by dismissing the Complaint with leave to replead. Should Plaintiff elect to replead, the Court cautions Plaintiff to also be mindful of the following in so doing: Eleventh Amendment immunity generally extends to state officials sued in their official capacities for retrospective

relief; individual liability under 42 U.S.C. § 1983 requires allegations of personal involvement; the pleading standards for conspiracy claims require specific, non-conclusory allegations; equal protection claims require specific allegations of similarly situated individuals who were treated differently than the plaintiff; and illegal search and seizure claims require allegations of an unreasonable, non-consensual seizure.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 9) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff may file an amended complaint within thirty (30) days of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that, if Plaintiff does not timely file an amended complaint, the Clerk of the Court is instructed, without further order of the Court, to enter judgment for Defendants and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 11, 2014
Albany, New York

Mae A. D'Agostino
U.S. District Judge