**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DEEPIKA REDDY,**

                              **Plaintiff,**

    vs.                                            **5:13-cv-00707
                                                             (MAD/ATB)**

**LOUIS J. CATONE, in his official capacity as
Director of the Office of Professional Discipline,
of the New York State Education Department and
in his individual capacity; DONALD T. SHERIDAN,
in his official capacity as a professional member of the
New York State Board of Dentistry and in his
individual capacity; ROBERT E. PARKER, DDS,
in his individual capacity; RICHARD KONYS, JR.,
in his individual capacity,**

                              **Defendants.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**OFFICE OF GILLES R. R. ABITBOL**     **GILLES R. R. ABITBOL, ESQ.**
121 Green Acres Drive
Liverpool, New York 13090
Attorney for Plaintiff

**OFFICE OF THE NEW YORK**           **GREGORY J. RODRIGUEZ, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Deepika Reddy ("Plaintiff") commenced this action on June 19, 2013, and filed an amended complaint on June 23, 2014. *See* Dkt. No. 1; Dkt. No. 21. By a Memorandum-Decision and Order dated March 31, 2015 (the "Decision"), this Court granted Defendants' motion to

dismiss in its entirety and dismissed Plaintiff's amended complaint with prejudice. *See* Dkt. No. 33 at 42-43. On April 6, 2015, Plaintiff appealed the Decision to the Second Circuit. *See* Dkt. No. 35. On December 10, 2015, the Second Circuit affirmed this Court's Decision. *See* Dkt. No. 37. Plaintiff then filed a petition for rehearing and rehearing en banc on December 24, 2015 (Dkt. No. 39 at 74-92), which was denied on January 28, 2016. *See* Dkt. No. 39 at 101.

Currently before the Court is Plaintiff's motion to vacate the judgment of this Court entered on March 31, 2015 pursuant to Federal Rules of Civil Procedure 60(b) and 60(d)(3), or, alternatively, to entertain an independent action to relieve Plaintiff from the judgment pursuant to Rule 60(d)(1). *See* Dkt. No. 38-2 at 6, 23-24. Plaintiff also requests that District Court Judge Mae A. D'Agostino recuse herself from this case. *See* Dkt. No. 38-2 at 22.

## II. BACKGROUND

The Court assumes the parties' familiarity with the background of this case, as detailed in the Court's prior ruling, and will only discuss those allegations and facts relevant to disposition of the pending motions.

Plaintiff argues that the judgment should be vacated due to fraud by an opposing party (*see* Fed. R. Civ. P. 60(b)(3)) and fraud on the court (*see* Fed. R. Civ. P. 60(d)(3)). *See* Dkt. No. 38-2. She also believes that the judgment is void pursuant to Rule 60(b)(4) "because [the judgment] was procured by fraud on the court and because the Judge acted in a manner inconsistent with due process." *Id.* at 17.

With respect to Plaintiff's allegations of fraud by an opposing party and fraud on the court,[1] Plaintiff argues that "[t]he Opposite Counsels [sic] knowingly misrepresented to the Court

---

[1] Plaintiff combines her analysis of fraud by an opposing party and fraud on the court, so it is not entirely clear which allegations pertain to which claim. *See* Dkt. No. 38-2 at 9-17. The

2

that the Plaintiff had a full and fair opportunity to litigate in the Article 78 proceedings . . . ." *Id.* at 12-13. Plaintiff further argues that "Opposite Counsels [sic] recklessly disregarded the truth by asserting facts that were contradicted by their own Client . . . ." *Id.* at 13 (emphasis omitted). Plaintiff makes various other general allegations, including that "the fraud was directed to the judicial machinery in order to obtain a favorable judgment for the defendants." *See id.* at 12. Specifically, Plaintiff asserts that Defendant Catone was dishonest about Plaintiff's application for a consent order with the Office of Professional Discipline after her Informal Settlement Conference ("ISC"). *See id.* at 14-15. Plaintiff also argues that Defendant Catone committed fraud on the court by initiating Article 78 proceedings for the sole purpose of justifying a collateral estoppel defense. *See id.* at 13. Plaintiff further contends that the Notice of Hearing and verified petition that informed her of the hearing on the issue of summarily suspending her license were never valid. *See id.* She claims that by using this verified petition, Defense Counsel "defrauded the Judicial system into thinking that [Plaintiff] was actually given a notice of hearing and notice of charges." *Id.*

Plaintiff also argues that the judgment is void. *Id.* at 17. Plaintiff claims that her pleadings were not "viewed 'in the light most favorable to' the Plaintiff nor did the Court take 'the well-pleaded material facts alleged in the complaint . . . as admitted.'" *Id.* at 18. Plaintiff believes that "[t]he Judgment should be voided because its decision was a violation of Plaintiff's due process." *Id.* Plaintiff claims that the legal standards used in the Decision "d[id] not meet the strict standards 'due process requirement' prescribed in the Fourteenth Amendment." *See id.* at 19. Finally, she claims that "the Judge ignored the Plaintiff's pleadings and the evidence on

---

Court has liberally construed the allegations in Plaintiff's memorandum of law to pertain to both claims.

3

record." *Id.* For similar reasons, Plaintiff believes that Judge D'Agostino should recuse herself from this case. *See id.* at 22. Plaintiff claims that she was not provided with an opportunity to be heard since the Court ruled for Defendants based on pleadings and exhibits alone, and not a full trial. *See id.* at 23.

Finally, Plaintiff argues that if she is not entitled to relief due to fraud or a void judgment, the Court should alternatively entertain an independent action to relieve her from the judgment pursuant to Rule 60(d)(1). *See id.* at 23-34. Plaintiff's sole argument for this relief is that the prior judgment is void and should be disregarded or declared inoperative. *See id.* at 23.

Defendants make three primary arguments in response. *See* Dkt. No. 39-1. Defendants first argue that the Court lacks jurisdiction to grant relief under Rule 60(b) since the Second Circuit has already issued a mandate in this case. *See id.* at 3-4; Dkt. No. 37. Defendants next claim that Plaintiff is not entitled to relief under Rule 60(b) or Rule 60(d) since Plaintiff "raises no issues that have not been fully argued in her opposition to [D]efendants' motion to dismiss or her appeal to the Second Circuit." *See* Dkt. No. 39-1 at 7. Defendants argue that Plaintiff is merely making "conclusory and unsupported allegations . . . that she believes the Court's decision is unfair or improper . . . ." *Id.* Finally, Defendants argue that Judge D'Agostino should not be recused since Plaintiff only makes conclusory allegations about the judge's involvement in fraud and there is no actual basis for recusal. *See id.* at 11-12.

### III. DISCUSSION

**A.    Federal Rule of Civil Procedure 60(b)**

*1.    Jurisdiction*

The Court will first consider whether it has jurisdiction to entertain Plaintiff's Rule 60(b) motions, given that the Second Circuit dismissed Plaintiff's appeal. "The law of the case doctrine

4

'forecloses reconsideration of issues that were decided – or that could have been decided – during prior proceedings' in the same case." *United States v. Vale*, 596 Fed. Appx. 34, 34 (2d Cir. 2015) (quoting *United States v. Williams*, 475 F.3d 468, 471 (2d Cir. 2007)). Thus, "district courts may not alter an appellate ruling where the appellate court has already considered and rejected the basis for the relief sought." *Id.* (citing *DeWeerth v. Baldinger*, 38 F.3d 1266, 1271 (2d Cir. 1994)). Moreover, "[d]istrict courts . . . are also precluded from considering issues that could have been raised on prior appeal, but were not." *Id.* (citing *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)).

Here, Plaintiff argues that since the basis for her Rule 60(b) motion was not before the Second Circuit, this Court has jurisdiction to entertain her Rule 60(b) claims. *See* Dkt. No. 40 at ¶ 11. However, all of Plaintiff's current arguments were already made, or could have been made, to the Second Circuit. The vast majority of Plaintiff's arguments are mere conclusory allegations of fraud. *See* Dkt. No. 38-2 at 9-17. For example, Plaintiff claims that "Opposite Counsels [sic] recklessly disregarded the truth" and that "Catone committed [f]raud on the Board of Regents, on the Appellate division and also on this Court." *Id.* at 13, 14. Plaintiff further argues that this Court did not apply the correct legal standard to Defendants' motion to dismiss. *Id.* at 18. This issue was already before the Second Circuit, and the Second Circuit affirmed the dismissal of Plaintiff's complaint. *See* Dkt. No. 37. As such, Plaintiff is merely trying to relitigate these claims, and the Court has no jurisdiction to hear them. *See Vale*, 596 Fed. Appx. at 34.

Plaintiff also raises several specific claims as a basis for her Rule 60(b) motion, all of which were already made, or could have been made, before the Second Circuit. Plaintiff claims that "Catone's attorneys failed to disclose that after the ISC even though [Plaintiff] had requested a formal hearing, she was not afforded one." *See* Dkt. No. 38-2 at 14. This claim was already

5

before this Court and the Second Circuit, and the Second Circuit held that "[b]y choosing to accept a sanction in order to avoid the possibility of a summary suspension, [Plaintiff] waived her right to consent the charges against her at a formal hearing." *See* Dkt. No. 37 at 4. Similarly, Plaintiff claims that Defendants acted fraudulently by not providing her with a valid verified petition. *See* Dkt. No. 38-2 at 12-13. These are claims that Plaintiff could have brought on appeal. Moreover, the Second Circuit held that Plaintiff was timely served with a verified petition that set forth all of the allegations against her. *See* Dkt. No. 37 at 4.

In sum, all of Plaintiff's arguments to support her Rule 60(b) motion were already made, or could have been made, before the Second Circuit. As such, this Court does not have jurisdiction to hear them.

### 2. *Merits*

Even if the Court had jurisdiction to hear Plaintiff's Rule 60(b) claims, her claims are without merit. Rule 60(b) provides that, upon a motion and just terms, the court may relieve a party from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence . . . ;
>
> (3) fraud . . . , misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; . . . or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.

1995).  Relief under Rule 60 is considered "extraordinary judicial relief[.]" *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).  For that reason, the motion will generally be denied unless the moving party can show that the court overlooked facts or controlling law that "might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257 (citations omitted).  Generally, "[a] court may justifiably reconsider its previous ruling if: (1) there is an intervening change in controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995).  Motions to vacate or to reconsider should not be granted if a moving party seeks only to relitigate an issue that has already been fully considered by the court.  *Shrader*, 70 F.3d at 257.  The Second Circuit has warned that a Rule 60 motion may not be used as a substitute for appeal and that a claim based on legal error alone is inadequate.  *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009).

Plaintiff argues that she is entitled to relief pursuant to Rule 60(b)(3) due to fraud by an adverse party.  "It is well-established that a motion to set aside judgment on these grounds 'cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits.'"  *Perri v. Kelly*, No. 11-CV-3208, 2011 WL 5024299, *1 (E.D.N.Y. Oct. 19, 2011) (quoting *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989)) (other citation omitted).

Here, Plaintiff's motion is merely an attempt to relitigate the merits and presents no evidence of material misrepresentations.  *See* Dkt. No. 38-2 at 9-17.  As discussed above, Plaintiff merely makes conclusory allegations that Defendants acted fraudulently.  *See id.* at 12-13. Plaintiff's claim that "Opposite Counsels [sic] knowingly misrepresented to the Court that the Plaintiff had a full and fair opportunity to litigate in the Article 78 proceedings" is unavailing.

7

*See id.* at 12. As this Court and the Second Circuit have both noted, Plaintiff waived her right to a formal hearing when she signed the consent order. *See* Dkt. No. 33 at 5-6; Dkt. No. 37 at 4. Plaintiff has not demonstrated a change in the controlling law or presented new evidence. As such, Plaintiff is not entitled to relief under Rule 60(b)(3).

Plaintiff's claim that the judgment is void under Rule 60(b)(4) is similarly without merit. "A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure 'only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006) (quoting *Texlon Corp. v. Mfrs. Hanover Commercial Corp.*, 596 F.2d 1092, 1099 (2d Cir. 1979)) (other citation omitted). Plaintiff's argument appears to be that the judgment was inconsistent with due process since "none of the Plaintiff's pleadings were viewed 'in the light most favorable to' the Plaintiff . . . ." Dkt. No. 38-2 at 18. Since the Second Circuit has affirmed this Court's dismissal of Plaintiff's complaint, Plaintiff's claims are without merit. *See* Dkt. No. 37. Plaintiff also claims that this Court "ruled in excess of [its] jurisdiction" (Dkt. No. 38-2 at 21), but Plaintiff presents no legal basis for that claim. As such, Plaintiff is not entitled to relief under Rule 60(b)(4).

**B.     Federal Rule of Civil Procedure 60(d)**

Rule 60(d) provides that a court may "(1) entertain an independent action to relieve a party from a judgment, order, or proceeding; . . . or (3) set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(1), (d)(3). With respect to Rule 60(d)(3),

> [t]he type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by timely motion under Rule 60(b)(3) for fraud on an adverse party. Fraud upon the court as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of

8

> adjudication. Fraud upon the court should embrace only that
> species of fraud which does or attempts to, defile the court itself, or
> is a fraud perpetrated by officers of the court so that the judicial
> machinery cannot perform in the usual manner its impartial task of
> adjudging cases. Fraud upon the court must be established by clear
> and convincing evidence.

*Anderson v. New York*, No. 07 Civ. 9599, 2012 WL 4513410, *4 (S.D.N.Y. Oct. 2, 2012) (citing *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002)).

Again, Plaintiff merely makes conclusory allegations that Defendant Catone was dishonest or failed to disclose information, and that somehow that conduct amounted to fraud on the court. *See* Dkt. No. 38-2 at 12-13. Plaintiff argues that the Article 78 proceedings suffered from procedural defects, and that Defendants "defrauded the Judicial system into thinking that [Plaintiff] was actually given a notice of hearing and notice of charges." *See id.* at 13. Plaintiff is merely trying to relitigate the same issues that were already before this Court. This Court has already decided that Plaintiff's due process rights were not violated, and Plaintiff presents no new evidence to indicate otherwise. *See* Dkt. No. 33 at 28-31; *see generally* Dkt. No. 38-2.

Plaintiff also seeks relief under Rule 60(d)(1), which provides that a court may "entertain an independent action to relieve a party from a judgment . . . ." Fed. R. Civ. P. 60(d)(1). To be granted relief under Rule 60(d)(1), "[c]laimants must (1) show that they have no other available or adequate remedy; (2) demonstrate that movants' own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground – such as fraud, accident, or mistake – for the equitable relief." *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 662 (2d Cir. 1997) (citation omitted). Furthermore, "the requirement that there is no other available or adequate remedy requires a showing by the aggrieved party that 'there was no opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action,' not that there is no *remaining remedy*." *Wright v.*

9

*Poole*, 81 F. Supp. 3d 280, 293 (S.D.N.Y. 2014) (quoting *Gleason v. Jandrucko*, 860 F.2d 556, 560 (2d Cir. 1988)) (other citation and quotation marks omitted).

Here, Plaintiff has not met these requirements. As discussed above, Plaintiff has not demonstrated a recognizable ground for equitable relief since her claims of fraud are without merit. Although Plaintiff may not have another available remedy, Plaintiff had an opportunity to fully litigate these matters in the original action. *See Wright*, 81 F. Supp. 3d at 293. As such, relief under Rule 60(d)(1) is not appropriate in this case.

**C.     Recusal**

Finally, Plaintiff argues that Judge D'Agostino should recuse herself from this case. *See* Dkt. No. 38-2 at 22. The Second Circuit has held that

> [d]iscretion is confided in the district judge in the first instance to determine whether to disqualify himself, *see Apple v. Jewish Hospital & Medical Center*, 829 F.2d 326, 333 (2d Cir. 1987). The reasons for this are plain. The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. In deciding whether to recuse himself, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case. *See In re United States*, 666 F.2d 690, 695 (1st Cir. 1981). Litigants are entitled to an unbiased judge; not to a judge of their choosing.

*In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988). Moreover, "claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Here, Plaintiff claims that "Judge D'Agostino should be recused from hearing this motion because of her involvement in the fraud and [because she] ruled in violation of the due process

10

and in excess of her jurisdiction." Dkt. No. 38-2 at 22. As discussed above, there was no due process violation in this case and the Court applied the proper motion to dismiss standard. An adverse ruling that resulted in Plaintiff's claims being dismissed is not sufficient grounds for recusal. *See Chen*, 552 F.3d at 227. Other than Plaintiff's conclusory allegations that she was not able to "fully and fairly present her case at trial[,]" she presents no basis for recusal in this case, and the Court finds no basis for recusal.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to vacate the judgment of this Court pursuant to Federal Rules of Civil Procedure 60(b) and 60(d) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 1, 2016
      Albany, New York

Mae A. D'Agostino
U.S. District Judge